PAMELA HARRIS, Circuit Judge,
concurring in the judgment:
I concur in the majority’s holding that the Fair Labor Standards Act (“FLSA” or the “Act”) does not provide a private cause of action to remedy the particular violations alleged by the Plaintiffs in this case. I write separately to explain why I think we can and should reach that result without commenting on the scope of the substantive protections of § 203(m).
I.
As we decide it today, this case is not about the nature of the rights afforded by the FLSA, but about how those rights are to be enforced. The FLSA establishes two separate means of enforcement: a private right of action for aggrieved employees, and a public enforcement power wielded by the Wage and Hour Division of the Department of Labor (“DOL”). See Fair Labor Standards Act of 1938, Pub.L. No. 75-718, ch. 676, § 16-17, 52 Stat. 1060, 1069 (codified as amended at 29 U.S.C. § 216-17). Each of those mechanisms plays a distinct and critical role in the statute’s enforcement regime. See Mitchell v. Lublin, McGaughy & Assocs., 358 U.S. 207, 214, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959); Daniel V. Dorris, Comment, Fair Labor Standards Act Preemption of State Wage-and-Hour Claims, 76 U. Chi. L.Rev. 1251, 1254-55 (2009). .
*449 Section 216(b) of the FLSA is an express private right of action, under which employees may sue for damages when their employers violate the Act. But that private remedy is limited in an important respect: It is available only when an employee is owed “unpaid minimum wages, or [ ] unpaid overtime compensation” as a result of a minimum-wage or overtime violation. 29 U.S.C. § 216(b). DOL’s enforcement powers are broader. It, too, may sue employers for damages, on behalf of employees who are owed unpaid minimum wages or overtime compensation under § 216(b). See 29 U.S.C. § 216(c). But unlike private plaintiffs, DOL also may seek injunctive relief against employers under § 217 of the Act, 29 U.S.C. § 217; Mitchell, 358 U.S. at 214, 79 S.Ct. 260; Michigan Corr. Org. v. Michigan Dep’t of Corr., 774 F.3d 895, 903 (6th Cir.2014); see also 29 U.S.C. § 211(a) (authorizing DOL to seek injunctive relief under § 217), so it is not confined to the recovery of unpaid minimum wages or overtime compensation in the same way.
This hybrid enforcement scheme produces a familiar scenario, under which a provision of the FLSA or its implementing regulations may bind an employer but not subject the employer to private civil suit. Cf. Alden v. Maine, 527 U.S. 706, 759, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) (though immune from private FLSA damages suits, the “State of Maine has not questioned Congress’ power to prescribe substantive rules of federal law to which it must comply”). Whether the FLSA or its implementing- regulations provide a substantive protection to employees, in other words, is a separate question from whether the Act allows those employees to enforce the protection through a private cause of action.
And on that latter question (and only that latter question), this is a perfectly straightforward case: As DOL urges in its amicus brief, and as the majority holds, the Plaintiffs have no private cause of action to pursue their particular tip-related claims. The injury that the Plaintiffs allege — that they have been required to share their tips with other employees in a way that does not conform to § 203(m)’s “tip-pooling” standards — simply is not of the sort redressable in a private FLSA lawsuit, whether or not it represents a violation of the Act’s substantive protections.
Section 216(b) contains the only express private cause of action under the FLSA in which the Plaintiffs’ claims might conceivably sound. But as the majority explains, the Plaintiffs have all but conceded that their claims do not fall within that provision. Maj. Op. at 446.[1] And understandably so. Under § 216(b),
Any employer who violates the provisions of section 206 or section 207 of this title [addressing minimum wage and overtime compensation] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.
By its terms, then, § 216(b) specifies that the only remedy it makes available to private plaintiffs is damages “in the amount” of their “unpaid minimum wages” or “unpaid overtime compensation,” plus an equal amount in liquidated damages. The *450 Plaintiffs here, on the other hand, are seeking not “unpaid minimum wages” or overtime compensation, but instead allegedly improperly withheld tips. Indeed, they concede that they are paid a full cash minimum wage, entirely independent of tips,[2] and expressly disclaim any connection between the tip-related practices of which they complain and the FLSA’s minimum wage requirements. J.A. 100. In those circumstances, where there has been no effort to tie a purported tip violation to the Defendants’ fulfillment of their minimum wage obligations, there can be no private cause of action under § 216(b).
In my view, that conclusion — advanced by DOL in its amicus brief, endorsed by the Defendants, and left unchallenged by the Plaintiffs — effectively disposes of this case. It may be, as the majority suggests, that the Plaintiffs, read very generously, can be understood to advance an alternative argument: that § 2D3(m) itself confers on them not only a substantive right to retain their tips but also a private cause of action to enforce that right through a suit for damages. But if so, it makes no difference: Any such argument is plainly unavailing, and may be dispensed with quickly and simply under the established principles that govern implied causes of action, see, e.g., Venkatraman v. REI Sys., Inc., 417 F.3d 418, 423 (4th Cir.2005) (discussing presumption against implied causes of action), without adverting to the scope of substantive protections under § 203(m).
Section 203(m) contains no express private cause of action. As the majority recounts, Maj. Op. at 446, it appears in a list of statutory definitions, and defines “wages” for purposes of the FLSA while also laying out certain substantive rules regarding employer use of employee tips to offset minimum wage obligations. Unlike § 216(b), it does not mention a “right of action” or “damages,” and its text is bereft of any other language even alluding to a cause of action. If there is a cause of action somewhere in § 203(m), then it must be one that is implied, not express.
But the Plaintiffs have not once suggested that we pursue our standard implied cause of action analysis, and that is just as well. Absent “strong indicia of a contrary congressional intent,” we are to presume that Congress “provided precisely the remedies it considered appropriate,” Middlesex Cnty. Sewerage Auth. v. Nat’l Sea Clammers Ass’n, 453 U.S. 1, 15, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), and to refrain from inferring others. That presumption against implied causes of action is particularly strong where “Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement.” Venkatraman, 417 F.3d at 423 (quoting Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO, 451 U.S. 77, 97, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981)). And here, of course, Congress has done just that: established a carefully reticulated dual system of enforcement, complete with an express private cause of action limited to the recovery of “unpaid minimum wages” or “unpaid overtime compensation.” When it comes to the FLSA, we can say with confidence that “when Congress wished to provide a private damage remedy, it knew how to do so and did so expressly,” Touche Ross & Co. v. Redington, 442 U.S. 560, 572, 99 S.Ct. 2479, 61 *451 L.Ed.2d 82 (1979), and there is no ground for us to go beyond what Congress has done by implying an additional and broader private cause of action. See Venkatraman, 417 F.3d at 423. Whether or not the Plaintiffs have a “right” under § 203(m), they do not have a “remedy,” cf. Alexander v. Sandoval, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (in conducting implied cause of action analysis, courts should not assume that every private right has a private remedy), and that is all that is required to dispose of this appeal.
II.
On those grounds, I concur in the majority’s holding that the FLSA provides no private cause of action under which the Plaintiffs may bring their challenges to the Defendants’ tip-pooling practices. I write separately only because I am concerned that in reaching this straightforward conclusion about remedies, the majority has said more than is necessary about the distinct question of substantive rights, and in particular, about the scope of the protection afforded employees by § ,203(m). See Maj. Op. at 447-48.
We always are well advised to say no more than necessary to decide the case at hand. But caution is particularly warranted here, because the meaning of § 203(m), and the degree to which it regulates employer use of tips, is now the subject of live debate in the federal courts. The basic question is this: Section 203(m), as the majority explains, Maj. Op. at 446, allows employers to use employee tips to offset a portion — but only a specified portion, see Richard, 549 F.2d at 304 — of their minimum wage obligations, so long as “all tips received by [the] employee [are] retained by the employee” or shared with other tipped employees as part of a qualifying “tip-pool” arrangement. 29 U.S.C. § 203(m). What of employers, like the Defendants here, who pay their tipped employees a full cash minimum wage, and do not claim the “tip credit” allowed by § 203(m)? May they take the tip money collected by their employees and use it for their own benefit, free of § 203(m)’s tip-pooling rules or other, restrictions, as the Defendants argue? Or, as the Plaintiffs argue, do tipped employees retain a right to the tips they receive from customers, whether or not they are being paid a full cash minimum wage by their employers?
A 2011 DOL regulation addresses this question directly, providing that “[t]ips are the property of the employee whether or not the employer has taken a tip credit under [§ 203(m) ],” and that an “employer is prohibited from using an employee’s tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in [§ 203(m)]: As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.” 29 C.F.R. § 531.52. After an extensive canvass of § 203(m)’s text and legislative history, see Updating Regulations Issued Under the Fair Labor Standards Act, 76 Fed. Reg. 18,832, 18,838-42 (Apr. 5, 2011), DOL concluded that the contrary reading of the statute is “unsupportable,” largely because it would allow for easy evasion of the statutory cap on the percentage of an employer’s minimum wage obligation that may be satisfied through tips:
If ... the FLSA places limitations on an employer’s use of its employees’ tips only in the context of a tip credit, an employer could simply eschew the- tip credit and use a greater part of its employees’ tips toward its minimum wage obligations than permitted under [§ 203(m) ].... If an employer could avail itself of this loophole, it would have no reason to ever elect.the tip credit because, instead of using only a portion of its employees’ tips to fulfill its minimum wage obligation, it could use all of *452 its employees’ tips to fulfill its entire minimum wage obligation to the tipped employees or other employees.
Id. at 18,842; see also Gov’t Amicus Br. at 16.
The validity of that regulation has been put squarely at issue in a series of federal court cases. See, e.g., Oregon Rest. & Lodging v. Solis, 948 F.Supp.2d 1217, 1223-24 (D.Or.2013) (invalidating the regulation under Chevron) (appeal pending); Trinidad v. Pret A Manger (USA) Ltd., 962 F.Supp.2d 545, 562-63 (S.D.N.Y.2013) (following Oregon Rest. & Lodging). And although the majority carefully clarifies that we have no occasion to opine on the regulation today, Maj. Op. at 445 n. 5,1 am concerned that some of the majority’s analysis of § 203(m) nevertheless might be understood as bearing on whether DOL’s regulation is a reasonable interpretation of § 203(m) or permissible exercise of the agency’s “gap-filling” authority. See Gov’t Amicus Br. at 15 (quoting Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158, 165, 127 S.Ct. 2339, 168 L.Ed.2d 54 (2007)).
That would be particularly unfortunate in this case, because substantive discussion of § 203(m) is not only unnecessary but also without the benefit of thorough advocacy. The Defendants have made the case against DOL’s regulation, arguing that it cannot be reconciled with the plain text of § 203(m), see Maj. Op. at 446 (setting out text of § 203(m)), which' unambiguously applies only when an employer claims the tip credit. See Br. of Appellees at 13-18. But the Plaintiffs have disclaimed expressly any reliance on the DOL regulation, and so no party to this case has mounted a defense of that regulation.[3] Under those circumstances, we should take special care not to enter, even a little, into a debate that all agree is not properly before us.

. Indeed, in light of the Plaintiffs’ failure to address or even to cite § 216(b) in their filings before the district court or their briefs before this court, even after that provision was called to their attention by DOL and the Defendants, we would be justified in deciding this case on waiver grounds alone. See Fed. R.App. P. 28(a)(8)(A); Brown v. Nucor Corp., 785 F.3d 895, 920 (4th Cir.2015) (fairness concerns guide application of waiver rules).

. This does not mean that an employee lacks a private cause of action under § 216(b) simply because his or her total compensation from all sources meets or exceeds the minimum wage specified in § 206. That much is clear from our decision in Richard v. Marriott Corp., 549 F.2d 303 (4th Cir.1977), in which tipped employees brought suit under § 216(b) alleging violations of the tip-credit provisions of § 203(m). We held that the plaintiffs were entitled to recover under § 216(b) despite the fact that they had received total compensation, including tips, that met or exceeded the minimum wage rate. Id. at 305.

. DOL was granted leave to file an amicus brief, in which it argued first for dismissal of the Plaintiffs' claims for want of a cause of action and then defended its regulation. But because DOL was not permitted to participate at oral argument, we have had no opportunity to question DOL or to clarify its position.